13-2535-cv(L)
*Motorola Credit Corp. v. Standard Chartered Bank*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

August Term 2014

(Argued: October 11, 2013      Decided: November 14, 2014)

Docket Nos. 13-2535-cv(L), 13-2639-cv(con)

———————————————

MOTOROLA CREDIT CORPORATION,

*Plaintiff-Counter-Defendant-*
*Appellant-Cross-Appellee,*

NOKIA CORPORATION,

*Plaintiff-Counter-Defendant,*

MOTOROLA, INC., KROLL ASSOCIATES, INC., CHRISTOPHER B. GALVIN, KEITH J.
BANE, WALTER KEATING, ED HUGHES, ERNST KRAMER,

*Counter-Defendants,*

v.

STANDARD CHARTERED BANK,

*Appellee-Cross-Appellant,*

MURAT HAKAN UZAN, CEM CENGIZ UZAN,

*Defendants-Counter-Claimants,*

KEMAL UZAN, LIBANANCO HOLDINGS CO. LIMITED, MELAHAT UZAN, AYSEGUL AKAY, ANTONIO LUNA BETANCOURT, UNIKOM ILETISM HIZMETLERI PAZARLAMA A.S., STANDART PAZARLAMA A.S., STANDART TELEKOMUNIKASYON BILGISAYAR HIZMETLERI A.S.,

*Defendants.*

---

Before:

CALABRESI, CHIN, and DRONEY, *Circuit Judges.*

Appeal from an order of the United States District Court for the Southern District of New York (Rakoff, *J.*) holding that the "separate entity rule" precludes a court from ordering a garnishee bank operating branches in New York to restrain assets of judgment debtors held in foreign branches of the bank.

**REMANDED** to the district court to vacate the restraining order on defendants' assets.

---

HOWARD H. STAHL (George R. Calhoun, *on the brief*), Fried, Frank, Harris, Shriver & Jacobson LLP, Washington D.C., *for Motorola Credit Corporation*, and *Nokia Corporation*.

BRUCE EDWARD CLARK (Patrick B. Berarducci, Sharon L. Nelles, Bradley P. Smith, *on the brief*), Sullivan & Cromwell LLP, New York, New York, *for Standard Chartered Bank.*

Dwight A. Healy, White & Case LLP, *for Amici Curiae Institute of International Bankers, The Clearing*

*House, European Banking Federation*, and *New York Bankers Association*.

---

*PER CURIAM*:

This appeal challenges an order entered by the United States District Court for the Southern District of New York (Rakoff, *J.*), holding that the "separate entity rule" precludes a court from ordering a garnishee bank with branches in New York to restrain assets of judgment debtors held in foreign branches of the bank. The district court initially granted a restraining order, then held that defendants' assets in foreign banks could not be restrained because of the separate entity rule, and then stayed the release of the restraint on assets pending appeal.

The facts are set forth in detail in our opinion filed in this case on January 14, 2014. *See Tire Eng'g & Distrib. L.L.C. v. Bank of China Ltd.*, 740 F.3d 108, 112-13 (2d Cir. 2014). In that opinion, we certified the following question to the New York Court of Appeals: "whether the separate entity rule precludes a judgment creditor from ordering a garnishee bank operating branches in New York to restrain a debtor's assets held in foreign branches of the bank."[1] *Id.* at 118.

---

[1] We certified a second, related question from a companion case, namely, "whether

In an opinion filed October 23, 2014, the Court of Appeals answered the certified question. *Motorola Credit Corp. v. Standard Chartered Bank*, No. 162 (N.Y. Oct. 23, 2014), *available at* 2014 WL 5368774. The Court answered the question in the affirmative, holding that "a judgment creditor's service of a restraining notice on a garnishee bank's New York branch is ineffective under the separate entity rule to freeze assets held in the bank's foreign branches." *Id.*, slip op. at 13. The Court of Appeals thus explicitly adopted the separate entity rule, concluding that "it is a firmly established principle of New York law, with a history of application both before and after the 1962 adoption of the [New York Civil Practice Law and Rules]." *Id.*, slip op. at 8.

The Court rejected plaintiffs' contention that its decision in *Koehler v. Bank of Bermuda Ltd.*, 12 N.Y.3d 533 (2009), abrogated the rule, observing that "we did not analyze, much less overrule, the separate entity doctrine in *Koehler*." *Motorola*, No. 162, slip op. at 10. A minority of the Court argued that "the majority's adoption of the separate entity rule [was] inconsistent with *Koehler*," *id.*, slip op. at 14 (Abdus-Salaam, J., dissenting), and that the rule "has no

---

the separate entity rule precludes a judgment creditor from ordering a garnishee bank operating branches in New York to turn over a debtor's assets held in foreign branches of the bank." *Tire Eng'g*, 740 F.3d at 117. The parties in the companion case entered into a stipulation to dismiss the claims on February 18, 2014, which we approved on February 24, 2014. The New York Court of Appeals accordingly withdrew that certified question. *Tire Eng'g & Distrib. L.L.C. v. Bank of China Ltd.*, 22 N.Y.3d 1152 (2014).

application to these modern times," *id.*, slip op. at 1 (Abdus-Salaam, J., dissenting). The majority ruled, however, "that abolition of the separate entity rule would result in serious consequences in the realm of international banking to the detriment of New York's preeminence in global financial affairs." *Id.*, slip op. at 13 (majority opinion).

The ruling of the Court of Appeals resolves the principal claims before us. We hold that the district court correctly concluded that the separate entity rule precludes the restraint of assets held in Standard Chartered Bank's foreign branches. We thus remand the case to the district court, with instructions to vacate the restraining order on defendants' assets.

**REMANDED.**